## Case No. 7,639.

### KEEN v. AUDENRIED et al.

[5 Ben. 535; 15 Int. Rev. Rec. 91; 6 Am. Law. Rev. 763.] [1]

District Court, S. D. New York. Feb., 1872.

DEMURRAGE— LAY DAYS — FURNISHING TOWAGE— AWAITING TURN IN DISCHARGE.

1. A vessel was chartered to carry a load of coal from Baltimore to Pawtucket, R. I. The charterers were to pay $3 a ton. "with towage from Providence to Pawtucket." *Held*, that the charterers were not bound to furnish the tow-boat, to take the vessel from Providence to Pawtucket, but only to pay for it.

[Cited in Barrett v. Oregon Ry. & Nav. Co., 22 Fed. 454.]

2. Where a charter provided, that a vessel was to have "dispatch in discharging." *held*. that she was not obliged to await her turn, in respect of any other vessels which the consignees of such cargo were discharging, but was entitled to demurrage for delay caused by so waiting.

[Distinguished in Henley v. Brooklyn Ice Co., Case No. 6,363. Cited in Sleeper v. Puig, Id. 12.941; Thacher v. Boston Gas-Light Co., Id. 13.850; Moody v. Five Hundred Thousand Laths. 2 Fed. 608; Johanssen v. The Eloina. 4 Fed. 575; Lindsay v. Cusimano, 12 Fed. 507; Williams v. Theobald, 15 Fed. 470; Smith v. Harrison, 50 Fed. 556.]

This was a libel by [Lucien B. Keen] the master of the schooner William Jones, to recover demurrage. The schooner was chartered to the respondents [William G. Audenried and others], to carry a cargo of coal from Baltimore to Pawtucket, R. I. The charterers were to pay $3 a ton, "with towage from Providence to Pawtucket." The lay days were to commence from the time when the vessel was ready to receive or discharge cargo, and the vessel was to have "dispatch in discharging." The libellant claimed that the vessel arrived at Providence on the 4th of October, 1871, and that the respondents did not furnish him towage to Pawtucket, whereupon he procured it himself, and reached Pawtucket on October 5th, and that the lay days expired on the 8th, while the vessel was not discharged till the 15th, and he claimed seven days and a half demurrage. The respondents averred that the lay days did not expire on the 8th, that they were not bound to tow the vessel to Pawtucket, and that the discharge was completed as soon as possible after the vessel got her turn to discharge.

F. A. Wilcox, for libellant.

F. C. Bowman, for respondents.

BLATCHFORD, District Judge. By the charter party, the respondents were to pay towage from Providence to Pawtucket and back. They were not to provide the towing boat. By the charter party, the vessel was to carry a cargo of coal from Baltimore to Pawtucket generally. The time of reporting

must be held to be the time when the vessel herself reached Pawtucket, off the wharf of the consignees of the coal, and reported to them that she was there ready to discharge. This was the 6th of October; whether morning or evening, does not appear. The consignees were entitled to one day's notice, before beginning to discharge, and to two days and a quarter to discharge the 225 tons of coal, being at the rate of 100 tons per day. Under the terms "dispatch in discharging," in the charter party, the vessel was not obliged to await her turn, in respect of other vessels which the consignees of her cargo were discharging, nor to yield to any custom to that effect, obtaining with such consignees. Her discharge should have commenced the morning of October 8th. That was Friday. Her discharge should have been completed by the middle of the following Monday. It was not completed till the evening of the following Friday. I, therefore, allow 4½ days' demurrage, at the charter rate of $20 per day, being $90, for which amount let a decree be entered for the libellant, with costs.